UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-87-GWU

WILLIAM MESSER,                                              PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.

William Messer brought this action to seek review of the denial of his application for Supplemental Security Income (SSI) benefits by the Commissioner of Social Security.  Following the submission of the plaintiff's Motion for Summary Judgment, the defendant moved for a remand under Sentence Four of 42 U.S.C. § 405(g) in order to allow an Administrative Law Judge (ALJ) to consider whether Mr. Messer's condition meets Listing of Impairment (LOI) 12.05C or 12.05D, as well as to obtain testimony from a vocational expert.  The plaintiff objects to the remand and maintains that the evidence supports an immediate award of benefits.

Since the defendant effectively concedes that the administrative decision is not supported by substantial evidence, the only question is whether an immediate award of benefits is warranted.  The Sixth Circuit has cautioned that benefits should be awarded "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted).

1

In the present case, not all of the factual issues have been resolved.

The Commissioner's regulations provide in pertinent part:

Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

 . . .

B.  A valid verbal, performance, or full scale IQ of 59 or less;

C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05 (2008).

There are three sets of IQ scores in the transcript.

Psychologist Eric Johnson evaluated Mr. Messer on June 12, 2003, and obtained a Verbal IQ of 55, a Performance IQ of 72, and a Full Scale IQ of 62.  (Tr. 209).  He stated that the full scale score was in the range of mild mental retardation.

Psychologist Barry Adkins evaluated Mr. Messer twice.  His first examination took place on March 18, 2004 and yielded a Verbal IQ of 65, a Performance IQ of 60, and a Full Scale IQ of 60.  (Tr. 274).  Although he noted some problems with concentration, Adkins viewed the results as "reasonably valid reflections of his functioning." (Id.).  Adkins examined Mr. Messer again on September 10, 2005.  On this occasion, Mr. Messer had a Verbal IQ of 61, a Performance IQ of 57, and a Full

08-87  William Messer

Scale IQ of 56.  (Tr. 313).  However, Adkins felt that the plaintiff was not exerting a large amount of effort and the results of the testing were probably invalid.  (Tr. 313-14).   His diagnoses included "rule out" malingering as well as mild mental retardation, but only if malingering was ruled out.  (Tr. 315).

Additionally, there was an examination by Dr. Robert Granacher, a psychiatrist, on February 2, 2004.  On the basis of the interview, Dr. Granacher felt that the plaintiff appeared to be either mildly mentally retarded or at the low end of borderline intellectual functioning.  (Tr. 227).  He administered several tests which raised at least the possibility of questionable effort, however.  (Tr. 228-30).  He could not perform adequate IQ testing because of poor effort.  (Tr. 233).

Although the plaintiff maintains that the apparently valid IQ scores obtained by Johnson in 2003 and Adkins in 2004 are sufficient to establish mental retardation, the court notes that "[t]he regulations do not limit the question of validity to test results alone in isolation from other factors."  Brown v. Secretary of Health and Human Services, 948 F.2d 268, 269 (6th Cir. 1991).  The ALJ is permitted to consider information from other medical and non-medical sources to obtain detailed descriptions of an individual's activities of daily living, social functioning, concentration, persistence, and pace, and ability to tolerate stress.  Id., quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00D.  Since the ALJ did not reach the issue

08-87  William Messer

of mental retardation, he did not perform such an analysis, making a remand more appropriate than an award of benefits.

Moreover, assuming, without deciding, that the plaintiff has established mental retardation currently, evidence must also demonstrate or support onset of deficits in adaptive functioning before age 22.  Foster v. Halter, 279 F.3d 348, 355 (6th Cir. 2001).  There is some evidence in the form of school records which is not inconsistent with such deficits, but it is not conclusive.  This is an issue which should be addressed at the administrative level.

Accordingly, a separate judgment and order will be entered granting the defendant's motion to remand under Sentence Four.

This the 25th day of February, 2009.


Signed By:

G. Wix Unthank

United States Senior Judge

4