UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-87-GWU

WILLIAM MESSER, PLAINTIFF,

VS.    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

* * * * * * * * * * * *

Currently before the court is the plaintiff's Application and Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act, Docket Entry No. 19, requesting $1,968.75 for 15.75 hours of work at a rate of $125.00 per hour, plus $49.30 in costs.[1]  The defendant has responded that he has no objection to the hours or hourly rate, but maintains that 28 U.S.C. § 2412(d) does not allow the fee to be paid directly to plaintiff's counsel, as requested, in the absence of a written assignment executed by the plaintiff.  The defendant points to the wording of § 2412, which refers to fees and other expenses being awarded "to a prevailing party." 20 U.S.C. §§ 2412(d)(1); 2412(d)(2)(a).

As the undersigned has previously held, in light of a recent ruling by Chief Judge Jennifer B. Coffman in <u>Powell v. Astrue</u>, London Civil Action No. 07-93-JBC (E.D. Ky. June 2, 2008), the court has come to believe that the weight of recent

---

[1] The brief contains the incorrect total of $2,081.05.

08-87  William Messer

authority supports the Commissioner's position.  Citing opinions from the Tenth and Eleventh Circuits, Judge Coffman noted that "the clear language of the statute requires attorney's fees to be awarded to the plaintiff as the 'prevailing party,' rather than to the plaintiff's attorney."  Slip op. at 3.  See Manning v. Astrue, 510 F.3d 1246, 1251 (10th Cir. 2007), cert. denied 129 S.Ct. 486 (2008); Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008), cert. denied 129 S.Ct. 724 (2008).  Although these cases are not binding precedent in this court, they are highly persuasive.

Counsel for the plaintiff argues that language in the unpublished Sixth Circuit case of King v. Commissioner, 230 Fed. Appx. 476 commented that "while attorney fees in the EAJA action are payable to the prevailing party, it is appropriate to pay such attorney fee directly to the attorney, as such fees are not for the Plaintiff to keep, but, rather, are to pay the attorney for his services rendered to the Plaintiff in a claim."  However, this language is not central to the holding in King.  The case concerned a district court order denying a motion for attorney's fees under EAJA because it had been brought on behalf of the plaintiff's counsel alone, rather than on the claimant's behalf.  The Sixth Circuit reversed because the pleadings as a whole established that the attorney was seeking fees on behalf of his client.  Therefore, King does not squarely address the issue in this case.

Accordingly,

IT IS HEREBY ORDERED that:

(1) the plaintiff's Motion for Attorney Fees is GRANTED IN PART and

08-87 William Messer

DENIED IN PART; and

    (2)    the plaintiff is awarded attorney's fees in the amount of $1,968.75 (15.75 hours x $125.00 per hour) and costs in the amount of $49.30.

This the 31st day of July, 2009.

Signed By:

**G. Wix Unthank**

**United States Senior Judge**